UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DEAN BENTER,<br><br>        Plaintiff,<br><br>v.<br><br>KIM SNOOK, IOWA DEPARTMENT OF TRANSPORTATION, HARLAN WICKRE, and KEITH GASCHO,<br><br>        Defendants. | Civil No. 11-3083 (DSD/TNL)<br><br><br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff is seeking IFP status, pursuant to 28 U.S.C. § 1915, so that he will not have to pay the filing fee and other costs associated with this action. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed.

**I. BACKGROUND**

Plaintiff is seeking relief under 42 U.S.C. § 1983, the federal statute that enables individuals to sue state actors who violate their federal constitutional rights. One of the named Defendants, Kim Snook, allegedly is employed by the Iowa Department of Transportation, ("Iowa DOT"), as a "Drivers Services Specialist (Supervisor)." (Complaint, [Docket No. 1], p. 2, "Parties.") It appears that Plaintiff also is attempting to sue Iowa DOT itself. There are two other Defendants listed in the caption of the complaint, Harlan Wickre

and Keith Gascho, but the complaint provides very little information about either of those two Defendants.

Plaintiff alleges that in December 2010, his Iowa driver's license was "canceled/revoked and suspended" by one of the Defendants (presumably Snook). Plaintiff further alleges that the State of Iowa failed to notify him that his driver's license was no longer valid, and he did not know that he had lost his license until he was stopped by a Wisconsin police officer. After the police officer cited Plaintiff for driving without a license, Plaintiff contacted Defendant Iowa DOT, and someone at Iowa DOT told Plaintiff that his license had been "cancelled." (Complaint, p. 2, "Statement of Claim.")

Plaintiff claims that the State of Iowa failed to comply with various Iowa statutes that required the State to (a) notify him that his license was cancelled, (b) afford him a hearing on the cancellation, and (c) allow him to appeal the cancellation. Plaintiff also claims that he has "paid all required fines," and "complied with all the other requirements" imposed by the State of Iowa, but the State of Iowa has refused to reinstate his driver's license. (Id.)

There is a two-page handwritten "Exhibit" attached to the complaint, which sets forth Plaintiff's claims against Defendants Wickre and Gascho. Wickre allegedly told Plaintiff that he would send "findings of fact" to Iowa DOT stating that Plaintiff was "a 'safe and fit driver.'" (Complaint, Exh. A, p. 1.) However, Wickre allegedly failed to provide that information in a timely manner. Plaintiff also alleges that Wickre "was then supposed to send a 6 month treatment plan to the State," showing that Plaintiff was participating in "therapy for 'Anger issues,' and impulsiveness," but that did not happen either. (Id.)

Defendant Gascho allegedly told Plaintiff that he would send "a letter of clearance" to Iowa DOT, stating that Plaintiff is a "'safe and fit driver.'" (Id.) Gascho apparently did

send a letter to Iowa DOT, but according to Plaintiff, "he put a lot of 'lies' in his letter," and he disclosed "'Doctor, Patient Confidentiality,'" and "privileged information," all of which allegedly was irrelevant to Plaintiff's effort to get his driver's license reinstated. (<u>Id</u>.)

Based on the foregoing allegations, Plaintiff is seeking a judgment against the four named Defendants that would provide the following relief:

> "Monetary, and punitive damages, for loss of work. Monetary, and Punitive damages, for pain, and suffering. Injunctive Relief. Immediate return of my 'commercial Driver's License.'"

(Complaint, p. 3, "Relief.")

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); <u>Atkinson v. Bohn</u>, 91 F.3d 1127, 1128 (8th Cir. 1996) (<u>per curiam</u>).

To state an actionable claim for relief, a complaint must allege a set of specific historical facts, which, if proven true, would entitle the complainant to some legal recourse against the named defendant(s), based on some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1950 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." <u>Stone v. Harry</u>, 364 F.3d 912, 915 (8th Cir. 2004).

3

In this case, Plaintiff is attempting to bring a civil rights action under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. (Complaint, p. 2, "Jurisdiction.") To plead an actionable § 1983 civil rights claim, a plaintiff must allege, (and ultimately prove), that the named defendants violated the plaintiff's constitutional rights, while the defendants were acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A civil rights claimant must allege facts showing "'(1) [a] violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right.'" Hart v. City of Little Rock, 432 F.3d 801, 804 (8th Cir. 2005), cert. denied, 547 U.S. 1207 (2006), quoting Kuha v. City of Minnetonka, 365 F.3d 590, 606 (8th Cir. 2003), quoting, in turn, Shrum v. Kluck, 249 F.3d 773, 777 (8th Cir. 2001).

Here, Plaintiff has failed to plead any actionable § 1983 civil rights claim because he has not alleged that any of the named Defendants violated his federal constitutional rights. In fact, Plaintiff's complaint does not appear to even mention the Constitution, or any specific constitutional rights. Plaintiff claims that someone, perhaps Defendant Snook, violated his rights under certain Iowa state statutes – not the Constitution. The legal basis for Plaintiff's claims against Defendants Iowa DOT, Wickre, and Gascho is unclear, but there certainly is nothing to indicate that those Defendants are being sued for any alleged federal constitutional violations. For this reason alone, Plaintiff has failed to plead an actionable § 1983 claim.

Furthermore, it should be noted that there are no allegations showing (or even suggesting) that Defendants Wickre and Gascho are employed by any state, or ever acted as an agent of any state. For this additional reason, Plaintiff has failed to plead an

actionable § 1983 claim against either of those two Defendants.

Defendant Snook is alleged to be an employee of the State of Iowa, so he could be sued under 42 U.S.C. § 1983 – if Plaintiff had alleged that Snook violated his federal constitutional rights. However, even if Plaintiff had alleged a federal constitutional claim against Snook, that claim could not be entertained in this District because Plaintiff's complaint does not show any grounds for exercising personal jurisdiction over Snook in Minnesota. The complaint plainly alleges that Defendant Snook works in Iowa, and there are no allegations suggesting that Snook does not reside there as well. Furthermore, there are no allegations suggesting that Defendant Snook has any pervasive contacts with the State of Minnesota, or that he is being sued for anything that he did (or failed to do) within the State of Minnesota. It therefore appears that Plaintiff's claims against Defendant Snook should be summarily dismissed for lack of personal jurisdiction.[1]

A two-step analysis is used to determine whether a court can properly exercise personal jurisdiction over a defendant. Northrup King v. Compania Productora Semillas, 51 F.3d 1383, 1387 (8th Cir. 1995). First, the court must consider whether personal jurisdiction can properly be exercised under the state law of the forum state; more specifically, whether jurisdiction exists under the state's "long-arm statute." Id. "Second,

---

[1] The complaint also does not show any grounds for exercising personal jurisdiction over Defendants Wickre and Gascho. However, the absence of personal jurisdiction over those Defendants is less readily apparent, because Plaintiff has not presented any information about where they are located. Of course, even if Wickre and Gascho are residents of Minnesota, and they are therefore subject to personal jurisdiction in this District, Plaintiff's current § 1983 claims against them still would have to be dismissed for the reasons discussed in the text – i.e., because there are no allegations showing that Wickre and Gascho are state actors, and there are no allegations showing that Wickre and Gascho violated Plaintiff's federal constitutional rights.

the court's exercise of jurisdiction must be consistent with the due process clause of the Fourteenth Amendment." Id. "Minnesota [state] courts have concluded that if a non-resident's contacts with [the] State satisfy due process, the Minnesota long-arm statute also is satisfied." Id. Thus, the dispositive issue is whether this Court can exercise personal jurisdiction over Defendant Snook in this case without violating the protections afforded by the due process clause.

"Due process allows a court to exercise personal jurisdiction over a non-resident defendant only if doing so is consistent with traditional notions of fair play and substantial justice." Id., citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The plaintiff must demonstrate that the non-resident defendant has had sufficient contacts with the forum state such that the defendant "'should reasonably anticipate being haled into court there.'" Northrup King, 51 F.3d at 1387, citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 297 (1980).

In this case, the complaint does not describe any contact or connection of any kind between Defendant Snook and the State of Minnesota. The complaint alleges that Snook is an employee of the State of Iowa, that he works in the State of Iowa, and that he allegedly violated Plaintiff's rights under Iowa law while performing his job in Iowa. In short, the Court can find no grounds for exercising personal jurisdiction over Defendant Snook in the District of Minnesota. Therefore, even if Plaintiff had pleaded an actionable § 1983 claim against Defendant Snook, (which, in fact, he has not done), this action would be summarily dismissed as to him for lack of jurisdiction. See Sanders v. United States, 760 F.2d 869, 871-72 (8th Cir. 1985) (when an IFP applicant's complaint does not include any allegations supporting personal jurisdiction, the court may properly conclude, sua sponte,

that the action should be summarily dismissed).

Finally, the Court notes that Defendant Iowa DOT is constitutionally immune from Plaintiff's current lawsuit. The Eleventh Amendment to the Constitution prohibits individuals from suing states and their agencies in federal court, unless the state has consented to being sued, (<u>Pugh v. Alabama</u>, 438 U.S. 781, 782 (1978) (<u>per curiam</u>)), or Congress has abrogated the state's immunity by some <u>express statutory</u> provision. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 66-67 (1989); <u>Egerdahl v. Hibbing Community College</u>, 72 F.3d 615, 619 (8th Cir. 1995). Plaintiff's complaint includes no allegations suggesting that the State of Iowa has consented to be sued in this matter, and Plaintiff has not identified any act of Congress that would abrogate the State's constitutional immunity.[2] Therefore, Plaintiff's claims against Defendant Iowa DOT must be summarily dismissed pursuant to the Eleventh Amendment.

## III. CONCLUSION

In sum, the Court finds that, even with the liberal construction that is required in <u>pro se</u> cases, (<u>Atkinson</u>, 91 F.3d at 1129, <u>citing</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)(<u>per curiam</u>)), Plaintiff's current complaint fails to state a cause of action on which relief could be granted in this District Court. Plaintiff has failed to plead any actionable § 1983 claim against any Defendant because he has not alleged any violation of his federal constitutional rights. In addition, Plaintiff has failed to plead an actionable § 1983 claim against Defendants Wickre and Gascho because he has not alleged that either of those two

---

[1] It is well settled that Congress did not lift the states' Eleventh Amendment immunity when it enacted § 1983. <u>Will</u>, 491 U.S. at 66-67; <u>Quern v. Jordan</u>, 440 U.S. 332, 341-45 (1979).

Defendants is a state actor. Although Plaintiff has alleged that Defendant Snook is a state actor, the complaint does not show any grounds for exercising personal jurisdiction over Snook in Minnesota. Lastly, Plaintiff's claims against Iowa DOT are barred by the Eleventh Amendment.

Because Plaintiff's complaint fails to state any cause of action on which relief can be granted, his IFP application must be denied, and this case must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.  RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2.  This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: November   7  , 2011

                            *s/ Tony N. Leung*
                            TONY N. LEUNG
                            United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **November 22, 2011**.  .